UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR ZASKE and INSIGHT 2811, INC.
d/b/a ARTHUR ZASKE & ASSOCIATES,

    Plaintiffs,

v.

Case No. 09-cv-13797

HONORABLE STEPHEN J. MURPHY, III

ROBERT E. FULLER and SANDRA A.
Fuller, as Trustees of FULLER
REVOKABLE TRUST and the SANDRA A.
FULLER REVOKABLE TRUST,

    Defendants.
                                 /

## OPINION AND ORDER DENYING PETITION FOR AN ORDER COMPELLING ARBITRATION AND STAYING STATE COURT PROCEEDINGS

This is a contract dispute. In a separate action filed prior to this one, Respondents sued Petitioners in a Florida state court. Petitioners argue in this action that, pursuant to an arbitration agreement they have with Respondents, the claims at issue in the Florida litigation are subject to arbitration. The matter is before the Court on Petitioners' petition for an order compelling Respondents to arbitrate and staying the state court proceedings. As suggested by the title of the petition, Petitioners make two requests of the Court: 1) to compel Respondents to arbitrate in accordance with their express written agreement to arbitrate; and 2) to stay the Florida state court litigation. Petition, at 7. Instead of answering the petition, Respondents moved to dismiss it, offering numerous reasons for the Court to do so. That motion remains pending and is scheduled for oral argument on May 18, 2010.

On April 5, 2010, Respondents advised the Court that they had submitted to arbitration their state law claims at issue in the Florida litigation, and attached a copy of

their demand for arbitration. *See* docket no. 14-3. This is part of the relief Petitioners request of the Court in their petition. Accordingly, since Petitioners have obtained this relief by alternative means, Petitioners' request for an order compelling arbitration is now moot.

This action leaves only Petitioners' request to stay the Florida litigation, ancillary to its request for an order compelling arbitration. Since the claims have been submitted to arbitration, Petitioners have offered to dismiss their case, but only after Respondents dismiss their Florida case. There has been no indication that Respondents have dismissed the Florida action. The Court, however, may not rule on that part of the dispute because it has no authority to stay the Florida action in the first place.

## DISCUSSION

Although the Federal Arbitration Act requires courts to stay *their own proceedings* where the issues to be litigated are subject arbitration, *see* 9 U.S.C. § 3, the Act does not specifically authorize federal courts to stay proceedings pending in *state courts*. *Great Earth Cos. v. Simons*, 288 F.3d 878, 893 (6th Cir. 2002). Therefore, a federal district court's authority to stay state court proceedings is derived only from "the legal and equitable standards for injunctions generally, including the Anti-Injunction Act. 28 U.S.C. § 2283." *Id.* Specifically, 28 U.S.C. § 2283 provides that a federal court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to *protect or effectuate its judgments*." 28 U.S.C. § 2283 (emphasis added). Courts have termed the italicized portion above, the "relitigation exception." *See, e.g., Great Earth Cos.*, 28 F.3d at 894.

The Sixth Circuit has upheld a district court's application of the relitigation exception to enjoin parallel state litigation that involved claims the district court has compelled to arbitration. *See, e.g., Great Earth Cos.*, 288 F.3d at 893-94. *Great Earth* involved a

dispute regarding a franchise contract that contained a clause requiring any dispute between the franchisor and franchisee arising out of the franchise agreement to be arbitrated. *Id.* at 883. The franchisee sued the franchisor in Michigan state court on state law claims arising out of the franchise agreement. *Id.* Like this case, the franchisor then filed an action in U.S. District Court for the Eastern District of Michigan seeking an order compelling the claims to arbitration and enjoining the franchisees from prosecuting the state court action. *Id.* at 885. The district court compelled the claims to arbitration and enjoined the franchisees from pursuing the state court litigation. *Id.*

After upholding district court's order compelling arbitration, the Sixth Circuit also upheld the district court's order enjoining the state court litigation. It found that the district court's injunction properly fell within the exception for injunctions "necessary to protect or effectuate [the district court's] judgments." *Id.* at 894 (quoting 28 U.S.C. § 2283). Importantly, it noted that, " '[A]n essential prerequisite for applying the [exception] is that the claims or issues which the federal injunction insulates from litigation in state proceedings actually have been decided by the federal court.' " *Id.* (quoting *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 148 (1988)). Considering this important prerequisite, it acknowledged that the district court had, in the same order staying the state action, issued a final judgment finding that the arbitration clause was valid and compelled arbitration pursuant to the agreement and the Federal Arbitration Act. *Id.* Since the franchisee sought to relitigate the validity of the arbitration clause and obtain judicial resolution of the underlying dispute in the state litigation, the Sixth Circuit agreed that an injunction of the state court proceedings was necessary to protect the final judgment of the district court on the decided issue. *Id. Great Earth Cos.* makes clear that for a district court

to enjoin state court litigation of claims subject to arbitration, the district court must first actually decide that the claims are subject to arbitration and compel arbitration.

In this case, the Court has not decided whether Respondents must arbitrate their claims. Rather, Respondents have mooted this issue by voluntarily submitting their claims to arbitration. Therefore, there is no judgment, claim, or issue, rendered or decided by this Court that must be protected from relitigation in state court. An injunction is not required to protect or effectuate any judgment. None of the other exceptions listed in the Anti Injunction Act apply to remove this case from the reach of the general rule prohibiting a federal district court from enjoining state court proceedings. The Court will not stay the Florida litigation and Petitioners request for such relief will therefore be denied.[1]

Petitioners also request the Court to consider awarding them attorney's fees and costs incurred in filing the petition and the subsequent emergency motion, which they later withdrew. The Court has considered this request, and will deny it. The basis for the request is that Respondents initially did not agree to arbitrate its dispute with Petitioners, which then required Petitioners to file the instant petition. Petitioners argue that allowing Respondents to get off scot-free by simply agreeing to arbitrate their claims this late in the day would reward dilatory gamesmanship and trickery. The Court does not agree. That Petitioners received the relief they sought through alternative means, rather than through hard-fought litigation does not mean that Respondents' legal position was unreasonable and warrants sanctions. If anyone wasted time, it is, in the Court's view the Petitioners, who took this Court's time by filing the petition, the issue in which could have been, and should have been, resolved by the Florida state court. In addition to this petition, Petitioner

---

[1] Since the petition will be denied, Respondents' motion to dismiss the petition is moot and the hearing on that motion will be cancelled.

also filed a motion to compel arbitration in the Florida litigation at the same time it filed this petition. At Petitioners' request, the Florida state court stayed its decision on the motion to compel until this Court decided the issue. Petitioners should have pursued their petition in the Florida state court, and assuming their argument for compelling arbitration was a clear winner -- as they claim here -- they would not have had to file a duplicative petition in this Court. If they wanted a federal forum, they should have removed the matter to the appropriate U.S. District Court in Florida. By filing the petition in this Court, however, Petitioners duplicated their efforts as well as the efforts of Respondents and the Court. The Court will not award Petitioners fees and costs.

## CONCLUSION AND ORDER

Because Respondents have agreed to arbitrate their claims against Petitioners, and have filed a claim for arbitration, Petitioners' request for an order compelling arbitration is moot and the Court will deny the request. The Court will also deny Petitioners' request to stay the Florida litigation since it has no power to do so. The Court will not award attorney's fees and costs to Petitioner.

**WHEREFORE**, it is hereby **ORDERED** that the petition for an order compelling Respondents to arbitrate and staying state court proceedings (docket no. 1) is **DENIED.** The request for an order compelling arbitration is moot. The request for an order staying the Florida litigation is denied since the Court has no authority to grant such relief in this instance.

**IT IS FURTHER ORDERED THAT** the hearing on Respondent's motion to dismiss, set for May 18, 2010 at 2:00 pm, is **CANCELLED.**

This matter is closed.

**SO ORDERED**.

                                         s/Stephen J. Murphy, III
                                         STEPHEN J. MURPHY, III
                                         United States District Judge

Dated: May 10, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 10, 2010, by electronic and/or ordinary mail.

                                         Alissa Greer
                                         Case Manager